IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2060-FL

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT G. JONES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the unopposed motion for summary judgment (DE 10) pursuant to Federal Rule of Civil Procedure 56 of respondent Robert G. Jones ("respondent"). For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

On March 13, 2013, petitioner, a state inmate, filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging his November 5, 2012, North Carolina Department of Public Safety ("DPS") disciplinary conviction for using disrespectful language when he called a corrections officer a "stupid cracker." Resp't's Mem. Ex. 1. Following petitioner's conviction for the C-02 disciplinary offense, the Disciplinary Hearing Officer ("DHO") sanctioned petitioner with the following: (1) twenty (20) days of segregation: (2) twenty (20) days disallowance of good-time credit; (3) thirty (30) hours of extra duty; (4) sixty (60) days suspension of privileges; and (5) one month limited draw. Id.

On August 9, 2013, respondent filed a motion for summary judgment, arguing that the petition should be dismissed because petitioner failed to exhaust his state court remedies prior to

bringing this action. Alternatively, respondent argues that petitioner's disciplinary conviction does not violate petitioner's constitutional rights. Petitioner did not respond.

**DISCUSSION**

A.    Summary Judgment

    1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

        a.    Exhaustion of State Court Remedies

Respondent asserts that petitioner failed to exhaust his North Carolina State court remedies prior to bringing this action. The court, however, finds it appropriate in this action to proceed on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." Thus, the court proceeds to the merits of this claim.

2

### b. Challenge to C-02 Disciplinary Conviction

Petitioner challenges his C-02 disciplinary conviction for using profane language, arguing that prison officials informed him that he was found guilty of disrespect and not of using profane language. Petitioner further asserts that calling a correctional officer a "stupid cracker" is not profane.

The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566.

Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the DHO's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

In this case, plaintiff admits in his petition that he called a correctional officer a "stupid cracker." Pet. p. 5; Resp't's Mem. Ex. 1, p. 3. This is sufficient to establish guilt for a C-02 offense which prohibits an inmate's use "in the presence of any State official, any member of the prison staff, any inmate, or any member of the general public, oral or written language or specific gestures or acts that are generally considered disrespectful, profane, lewd, or defamatory." See Watterson v. Terrell, No. 1:10-cv-184-RJC, 2011 WL 4595276, at *10 (W.D.N.C. Sept. 30, 2011) (providing a definition for a DPS C-02 offense), aff'd, 476 F. App'x 208 (4th Cir. Feb. 27, 2012). Accordingly, regardless of the characterization of plaintiff's comment as disrespectful or profane, there is some evidence to support the C-02 conviction. Because the court finds that the foregoing evidence satisfies the "some evidence" standard, the court finds that the Due Process Clause was not violated. See, e.g., Walpole, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charge and he received a written statement by the DHO of the evidence relied on and the reasons for the disciplinary action. Thus, there is no due process violation.

c.     Challenge to Change in Custody Classification

Petitioner also asserts that he was given six months continuation on intensive control management for his disciplinary conviction, but that DPS policy only permits twenty (20) days. Because the DHO did not impose this restriction, it appears that petitioner is arguing that due to his prison classification, he was given an extra six months continuation on intensive control management for his disciplinary conviction. See Resp't's Mem. Ex. 3. This, however, is a condition of confinement issue and is not cognizable on federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (finding that habeas corpus relief is not appropriate when a prisoner

4

challenges the conditions of his confinement); <u>Campbell v. Deboo</u>, No. 1:11cv3, 2011 WL 1694454, at * (N.D. W. Va. May 4, 2011) (finding that the petitioner's challenge to his custody classification "is not to the fact or duration of his confinement, but rather to his particular place of confinement. Accordingly, the petitioner must seek relief in a civil rights action."), <u>aff'd</u>, 451 F. App'x 288 (4th Cir. Oct. 21, 2011). Thus, the court grants respondent's motion for summary judgment as to this claim as well.

B.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate <u>both</u> "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

<u>Slack</u>, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry,

and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529

U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable

standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed

further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 10) is

GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to

close this case.

SO ORDERED, this the 23rd day of January, 2014.

LOUISE W. FLANAGAN
United States District Judge